THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MARK D. ABBOTT, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
PAUL T. MOON, Appellant.

Fourth Department, December 23, 1981

APPEARANCES OF COUNSEL

*Rose H. Sconiers (Joseph Shifflett, Charles D. Halvorsen*
and *Joseph B. Mistrett* of counsel), for Mark D. Abbott,
appellant.

*Steiner, Blotnik & Kulik (Richard J. Steiner* of counsel),
for Paul T. Moon, appellant.

*Edward C. Cosgrove, District Attorney (Thomas W.
Bender* of counsel), for respondent.

OPINION OF THE COURT

SCHNEPP, J.

The issue for determination is whether a participant in a high-speed automobile race on a public highway is subject to criminal liability when another participant's car is involved in an accident which results in the death of a third person. The charges in this case arose from a two-car accident involving the vehicle of the defendant Mark D. Abbott. The occupants of the other car were killed.

It appears from the facts established at trial that at approximately 1:00 A.M. on January 19, 1980 defendant Paul T. Moon was traveling alone in his car in an easterly direction on Maple Road in the Town of Amherst when he became involved in a "drag race" with an automobile driven by Abbott. Maple Road, which traverses a residential area, is a four-lane highway with designated speed limits. Traffic is controlled by traffic control signal lights at various intersections. Spaced white lines divide the two eastbound and the two westbound lanes and double yellow lines spaced approximately four feet apart separate the eastbound and westbound lanes. Both Moon and Abbott were observed racing at very high rates of speed by the occupants of at least three other vehicles which were traveling along Maple Road at the time. At one point in particular Moon was observed trying to overtake Abbott's vehicle by crossing over the double yellow line and traveling in the westbound lane. An automobile driven by Patricia A. Hammond, which entered the intersection of Maple Road and Palmdale, was struck broadside by the Abbott vehicle instantly killing Mrs. Hammond and her two passengers. Moon's vehicle fishtailed through the scene of the accident and avoided collision with the two vehicles. It was described as spinning in a full circle in all four lanes before it stopped facing in a westerly direction. Moon sat in his automobile for a short time until he backed up, made a U-turn and drove away.

Moon and Abbott were jointly indicted for three counts of manslaughter in the second degree in that they, "each being intentionally aided by the other * * * recklessly caused the death of another person", three counts of crimi-

nally negligent homicide in that they, "each being intentionally aided by the other * * * with criminal negligence, caused the death of another person", and other accident related offenses. Both defendants were acquitted of the manslaughter charges but were convicted of three counts of criminally negligent homicide (Penal Law, § 125.10), reckless driving (Vehicle and Traffic Law, § 1190), and other traffic violations. Abbott was also convicted of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law, § 1192, subd 3).

Abbott was sentenced to an indeterminate term of imprisonment having a maximum of three years and a minimum of one year on each criminally negligent homicide conviction, a definite sentence of one year on the driving while intoxicated and reckless driving convictions, and a conditional discharge on the traffic violations; all terms to run concurrently. Moon received a concurrent one year definite sentence on each criminally negligent homicide conviction and the reckless driving conviction, and a conditional discharge on the traffic violations.

▮ The theory of the prosecution against Moon was that he intentionally aided Abbott to engage in the criminally negligent conduct which resulted in the deaths of the three victims. Moon claims that such a theory is "not logical" and that one must be liable by "one's own acts as a principal for criminally negligent homicide or not at all". He contends that his conduct was not of such a nature as to justify a conviction for criminally negligent homicide pursuant to section 20.00 of the Penal Law, which attaches criminal liability for the conduct of another. We disagree with this contention.

A person is guilty of criminally negligent homicide under section 125.10 of the Penal Law when "with criminal negligence, he causes the death of another person". Under subdivision 4 of section 15.05 of the Penal Law a person acts with criminal negligence with respect to a result or circumstance "when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable

person would observe in the situation". Section 20.00 of the Penal Law provides that when one person engages in conduct which constitutes an offense "another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he * * * intentionally aids such a person to engage in such conduct".

What amounts to criminal negligence "depends, of course, entirely on the circumstances of the particular conduct. Whether in those circumstances the act or acts causing death involved a substantial and unjustifiable risk, and whether the failure to perceive it was such as to constitute a gross deviation from the standard of care which a reasonable man would have observed under the same circumstances, are questions that generally must be left directly to the trier of the facts. In other words, '[t]he tribunal must evaluate the actor's failure of perception and determine whether, under all the circumstances, it was serious enough to be condemned.'" *(People v Haney,* 30 NY2d 328, 335.) Criminal negligence refers to both a subjective state of mind and conduct involving " '(1) "a substantial and unjustifiable risk" that a result or circumstance described by a penal statute will occur or exists, as the case may be, and (2) "a gross deviation" from the standard of conduct or of care that a reasonable person would observe' (see Commission Staff Notes on the Proposed New York Penal Law, Gilbert Criminal Law and Procedure [1971], p 2-248). It is the combination of the defendant's conduct, that is, the creation of a certain type of risk, together with his mental state, namely his failure to perceive the risk when there is a legal duty of awareness, which constitutes criminal negligence" *(People v Fitzgerald,* 45 NY2d 574, 579).

A "drag race" involves two or more drivers engaged in a contest of speed with the use of their automobiles. When this activity occurs on a public highway there is an inherent danger of increasing the death-dealing potential of the automobile. The significance of this conduct should be apparent to anyone " ' "who shares the community's general sense of right and wrong" ' " *(People v Haney,* 30 NY2d 328, 335, *supra).* It necessarily evinces a "failure to

perceive a substantial and unjustifiable risk, constituting a 'gross deviation from the standard of care that a reasonable person would observe in the situation'", and it is "sufficient to sustain the conviction for criminally negligent homicide." *(People v Soto,* 44 NY2d 683, 684.)

The statutory scheme permits accessorial liability to attach for criminally negligent homicide provided that the accessory shares the requisite culpable mental state for the crime and intentionally aids in its commission (see *People v Gramaglia,* 71 AD2d 441, 444). While Moon did not personally control Abbott's vehicle which struck and killed the three victims, it could reasonably be found that he "intentionally" aided Abbott in the unlawful use of the vehicle by participating in a high-speed race, weaving in and out of traffic, and thus shared Abbott's culpability. Skid marks and other evidence at the scene of the accident permitted expert testimony that the prebraking speed of Moon's automobile was 80 to 85 miles per hour and that the speed of Abbott's automobile immediately prior to the collision was 93.5 miles per hour. Moon associated himself with the high-speed race on a busy highway and took a part in it for nearly two minutes over a distance in excess of one mile. Actually his conduct made the race possible. He accepted Abbott's challenge and shared in the venture. Without Moon's aid Abbott could not have engaged in the high-speed race which culminated in the tragedy. The accident was "the culmination of a continuum of events" in which both defendant and Abbott participated *(People v Bosque,* 78 AD2d 986). "[G]iving assistance or encouragement to one it is known will thereby engage in conduct dangerous to life should suffice for accomplice liability as to crimes defined in terms of recklessness or negligence." (LaFave and Scott, Criminal Law, § 64, p 511.)

The evidence was, therefore, sufficient for the trier of fact to conclude beyond a reasonable doubt that Moon while acting with the culpable mental state of criminal negligence gave assistance or encouragement to Abbott to engage in conduct dangerous to life. This is sufficient to impose criminal liability.

■ We determine an additional issue raised by both defendants. The definite sentences of one year imposed by

the court on each of the defendants on the reckless driving convictions must be modified. Reckless driving is a misdemeanor (Vehicle and Traffic Law, § 1190) and under the circumstances here neither defendant was subject to imprisonment for more than 30 days (Vehicle and Traffic Law, § 1801).

We have examined other issues raised by the defendants and find them to be without merit.

Accordingly, the judgments insofar as sentences are imposed for the convictions of reckless driving should be modified and each defendant sentenced to a definite sentence of imprisonment of 30 days on his reckless driving conviction and as so modified the judgments should be affirmed.

HANCOCK, JR., J. P., CALLAHAN, DOERR and MOULE, JJ., concur.

Judgments unanimously modified on the law by reducing the sentence imposed upon the reckless driving conviction to a definite sentence of imprisonment of 30 days and as modified affirmed.