■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDERSON GARCIA, Also Known as ANDY GARCIA, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lodato, J.), rendered March 19, 1982, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People, there was sufficient evidence adduced to establish the direct or accessorial culpability of the defendant concerning the two murders *(see, e.g., People v Kennedy,* 47 NY2d 196, *rearg dismissed* 48 NY2d 635). Furthermore, the conduct of the defendant with respect to the first murder was probative of his guilt of the second murder, under the circumstances of this case, as it was indicative of his motive to cause the death of the second victim *(see, e.g., People v Molineux,* 168 NY 264; *People v Bongarzone,* 116 AD2d 164; *People v Pugh,* 107 AD2d 521; *cf. People v Rose,* 84 AD2d 645, *affd* 57 NY2d 837, *rearg denied* 58 NY2d 779). Consequently, the defendant's motion for a severance with respect to these two murder charges was properly denied *(see,* CPL 200.20 [2] [b]; *People v Lane,* 56 NY2d 1; *People v Bongarzone, supra).*

The defendant's further challenge to the court's alibi charge is unpreserved for appellate review *(see,* CPL 470.05 [2]) and we decline to exercise our discretionary power to review it in

the interest of justice. In addition, the defendant's claim that the trial court erred in failing to give an *Allen* charge *(see, Allen v United States,* 164 US 492) when the jury announced a deadlock is both unpreserved for appellate review *(see,* CPL 470.05 [2]) and without merit *(see, People v Page,* 47 NY2d 968, *cert denied* 444 US 936).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Lawrence, Eiber and Kunzeman, JJ., concur.