■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN POWELL, Also Known as STEPHEN POWELL, Appellant. —Judgment, Supreme Court, New York County (Livingston Wingate, J.), rendered September 19, 1983, convicting defendant, after a jury trial, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25) and criminal use of a firearm in the first degree (Penal Law § 265.09), sentencing him to concurrent terms of incarceration of 7 to 21 years and 2 to 6 years, respectively, is unanimously affirmed.

The victim of this shooting testified that he was employed by the defendant in defendant's heroin-selling enterprise, and when defendant shot him, defendant had been acting under the impression that the victim had been diluting the drugs. This testimony of defendant's drug enterprise was admissible under several exceptions to the general proscriptions of *People v Molineux* (168 NY 264 [1901]). The evidence was admissible as probative of defendant's motive *(supra; People v Polk,* 84 AD2d 943, 945 [4th Dept 1981]), as background and narrative *(People v Gines,* 36 NY2d 932 [1975]), and it was also inextricably interwoven with the crime *(cf., People v Crandall,* 67 NY2d 111, 116-117 [1986]; *People v Vails,* 43 NY2d 364 [1977]; *People v Hardwick,* 140 AD2d 624 [2d Dept 1988]).

The probative value of this evidence outweighed potential undue prejudice *(People v Alvino,* 71 NY2d 233, 241-242 [1987]) and was not offered solely to show defendant's criminal propensity *(supra).*

The court's *Sandoval* ruling, permitting inquiry as to whether defendant had a Delaware drug misdemeanor conviction, did not unduly prejudice defendant. The conviction was probative of defendant's willingness to place his own interests above those of society *(People v Sandoval,* 34 NY2d 371, 377 [1974]). Defendant in the instant case was not tried for a drug offense; the misdemeanor was only three years old; the ADA was not permitted to inquire into the underlying facts of the crime; and defendant is not persuasive that this ruling prevented him from testifying.

Finally, at sentencing there was no legal impediment to the court's consideration of prior uncharged crimes and defendant's criminal history *(People v Whalen,* 99 AD2d 883, 884 [3d Dept 1984]). In any event, having failed to make his claim at sentencing, defendant has failed to preserve the claim for review *(People v Ingram,* 67 NY2d 897 [1986]). Concur—Sullivan, J. P., Ross, Rosenberger and Ellerin, JJ.