(January 23, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO CABRERA, Appellant.—Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered May 21, 1985, convicting defendant of sodomy in the first degree and sentencing him to 6 to 12 years in prison reversed, on the law and the facts, and the case remanded for a new trial.

The complainant testified that on the morning of June 15, 1984, around 1:00 A.M., while he was walking down a Bronx street, the appellant and a codefendant forced him to perform oral sodomy on the codefendant while appellant took money and cigarettes from his shoulder bag.

It was error for the trial court to permit two persons who did not witness the incident involving the complainant to testify that approximately one hour before the incident involving the complainant, the appellant and codefendant approached them, exposed themselves, attempted to rub their penises against the two witnesses and displayed a knife. While the court permitted this testimony to prove identification, to show the existence of a common scheme or plan (to attack homosexuals) and to show that the appellant was an accomplice of the defendant (see, People v Molineux, 168 NY 264 [1901]), this evidence of uncharged crimes was not probative of the crime for which the appellant was convicted, served only to prejudice the jury and denied the appellant a fair trial.

First, there was no issue of identity since the defendant did not put identity in issue but rather sought to show that the complaining witness was a homosexual who solicited defendant and his companion.

Second, the prior acts did not meet the requirement of showing a common scheme or plan. The prior acts could not be admitted simply because they were similar to the act of which the defendant was accused. "To bring a case within this exception to the general rule which excludes proof of extraneous crimes, there must be evidence of system between the offense on trial and the one sought to be introduced. They must be connected as parts of a general and composite plan or scheme, or they must be so related to each other as to show a common motive or intent running through both." *(People v*

*Molineux,* 168 NY, *supra,* at 305.) Here there was no showing of a connection between the prior acts and the act for which defendant was convicted.

Third, the prior acts were unnecessary to show that defendant was an accomplice. There was direct evidence that the defendant and his codefendant had their penises out and that it was defendant who asked the complainant which one he wanted. Although the testimony was that the codefendant had the knife and that the complainant performed oral sex on the codefendant, the defendant here was clearly an accomplice. Concur—Murphy, P. J., Kassal, Wallach and Smith, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

The Trial Judge properly allowed the evidence for the reasons indicated in the majority memorandum. Moreover, the trial court cautioned the jury that the evidence was to be considered only for establishing accomplice liability.

The approach by the defendant was, to say the least, unique *(see, People v Beam,* 57 NY2d 241, 252) and falls within the *Molineux* exception. *(See, People v Allweiss,* 48 NY2d 40.)

Despite the possible prejudicial effect, the evidence did serve a probative purpose. *(See, People v McKinney,* 24 NY2d 180, 184.)