■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LUCAS, Appellant.—Judgment, Supreme Court, New York County (Herman Cahn, J.), rendered July 29, 1987, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him to an indeterminate term of imprisonment of from 4 to 12 years, is unanimously affirmed.

The defendant and a codefendant were arrested by two plain-clothes police officers who observed them and a third party jump the complainant. The complainant stated that they took his loose bills and wallet from his pocket while his face was held to the sidewalk. The third person ran and was not apprehended. The wallet was never recovered. The defendant testified at trial and raised the defense of misidentification, which the jury rejected.

Defendant claims on appeal that he was denied a fair trial as a result of several alleged errors. First, it is argued that the court allowed the prosecutor "improperly" to cross-examine defendant about prior criminal conduct and his life-style. However, there was no objection to this line of inquiry and thus the issue has not been preserved for appellate review. (CPL 470.05 [2]; *People v Dordal,* 55 NY2d 954, 956.) Moreover, the cross-examination concerning drug sales was proper since such conduct bears directly on credibility *(People v Sandoval,* 34 NY2d 371, 376) and the questions concerning defendant's life-style were general and tended to reflect on his credibility as a witness.

Second, although defendant claims that the court allowed the prosecutor to introduce rebuttal evidence on a collateral issue, i.e., whether he knew one Melvin Peters, including his statements to the police that were suppressed at a *Huntley* hearing, defendant's suppression motion was not granted, but denied. Nevertheless, it was error to have permitted the prosecutor to elicit from the rebuttal witness statements contradicting the defendant's responses to collateral questions; however, the error was harmless since the collateral matter did not directly implicate the defendant in the crime and the only inference the jury could have drawn from the rebuttal testimony was that defendant may have lied about knowing Peters, who had no connection to the robbery.

Third, regarding the prosecutor's summation, while his codefendant's counsel objected to the argument that defendant's drug use and unemployment provided a motive for the

robbery, defendant did not raise any objection. The court sustained cocounsel's objection and gave a curative instruction. In response to the prosecutor's erroneous statement that Peters was a suspect, defendant's objection was sustained and the court instructed the jury that there was no evidence that Peters was a suspect. Finally, the prosecutor's assertion that the defense's argument that the robbery victim could not identify his robbers was untrue, was a fair response to the defense summation. In any event, any errors failed to rise to the level of denying defendant a fair trial, as the proof of guilt was overwhelming. The crime was witnessed by two police officers who immediately made the arrest. Concur—Kupferman, J. P., Ross, Milonas, Asch and Ellerin, JJ.