■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GREENE, Appellant.—Judgment of the Supreme Court, New York County (Edwin Torres, J.), rendered October 15, 1987, convicting defendant, after a jury trial, of two counts of murder in the second degree, two counts of grand larceny in the second degree, two counts of offering a false instrument for filing in the second degree, and one count of insurance fraud in the first degree and sentencing him to two consecutive prison terms of 25 years to life on the murder convictions, concurrent 3½-to-7-year terms on the insurance fraud and the first grand larceny conviction to run consecutively to the murder sentences; concurrent 3½-to-7-year and 2-to-4-year terms on the second grand larceny conviction and the first false instrument conviction, to run consecutively to the other sentences, and 2-to-4-year term on the remaining false instrument conviction, to run consecutively to the other sentences, unanimously affirmed.

Defendant stands convicted of murdering his girlfriend's son, James, by suffocation and his own five-year-old daughter, Tamika, by drug overdose, both of whose lives he had insured for $10,000 each. These crimes were tried together with two counts of grand larceny, two counts of offering a false statement, and one count of insurance fraud, most of which arose, essentially, out of various fraudulent acts committed by defendant to obtain public assistance benefits to which he was not entitled, and to insure the life of James by misrepresenting that James was his son, misrepresenting his "household composition" on which assistance benefits were calculated, and collecting duplicative benefits in the State of Pennsylvania.

The murder charges were properly tried with the remaining charges. (CPL 200.20 [2] [b], [d].) The various larceny, false instrument, and insurance fraud offenses were joinable with each other, and further, the proof underlying these offenses

was material to the homicide charges, since it was indicative of defendant's willingness to use the children for economic gain, and tended to establish motives and negate any claim that the deaths were accidental.

No objection was made at trial to those parts of the prosecutor's summation which are now claimed to be error, and we decline to review these claims in the interest of justice, noting, in passing, that the remarks were either fair comment or responsive to defense counsel's summation. Nor was defendant deprived of a fair trial by the testimony of an insurance company claims manager, to the effect that the report of a fatal Tylenol overdose was unusual and suspicious, or the Medical Examiner's testimony that Tamika's death was classified as a homicide, and that James' death was reclassified from accidental to homicide. The testimony in both cases was properly admitted to explain why the deaths were investigated, and did not intrude into the jury's function as trier of fact.

The remaining argument is unpreserved and without merit. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.