OPINION OF THE COURT
Edward M. Davidowitz, J.
The transcript of the Grand Jury proceedings discloses that on January 6 or January 7, 1992, near Walton and East Eden Avenues, a gunfight broke out between defendants after Peguero had an argument with Fabian’s wife. No one was injured and the parties eventually separated. The first through sixth counts of the indictment relate to this incident. They charge defendants with attempted murder, criminal possession of a weapon and reckless endangerment.
On January 9th, at 2:45 p.m., near the same intersection, defendants began to shoot at each other again. However, this time a car driven by Audrey Chasen, a school teacher who was returning from a seminar wdth three other teachers, was stopped at a traffic light and caught in the crossfire. Bullets from both guns, fired from either side of the car, struck Ms. Chasen and she was mortally wounded. Fabian was positioned generally to the left of the car and Peguero to the right. One of the passengers (Minnie Mott) was cut by flying glass when a bullet smashed a car window. The seventh through thirty-fifth counts relate to this incident. They charge defendant with the murder of Ms. Chasen, attempted murder of each other, reckless endangerment of the occupants of the car and each other, assault upon Ms. Mott and criminal possession of a weapon. The counts which charge defendants with crimes that involve depraved or reckless conduct also allege that they acted in concert with each other.
THE APPLICATION FOR SEVERANCE
Defendants argue that they will be prejudiced if the assaults against each other on January 6th or 7th, and January 9th are tried with the homicide and assault charges, and move, pursuant to CPL 200.20, for an order granting a separate trial for those counts, or, in the alternative, for an order, pursuant to CPL 200.40, granting severance of the cases against each other.
The People reply that joinder of all counts in one indict *959 ment complied with CPL 200.20. Those provisions permit joinder of crimes when: (1) all the offenses are based upon the same criminal transaction; or (2) even though based upon different criminal transactions, proof of one is admissible as evidence of the other; or (3) the offenses are defined by the same or similar statutory provisions. Severance of offenses and separate trials may be ordered in the third case when there is an express showing of good cause (CPL 200.20 [3]). If joinder is in accord with either of the first two provisions severance is not available.
The People argue, basically, that all the offenses were properly joined since evidence of one group is admissible to prove the parties’ identities, their motives and their intent, and they are inextricably "intertwined” with each other. For the most part, their arguments are correct, and supported by relevant case law and evidence of each incident is admissible for some of the purposes suggested (People v Molineux, 168 NY 264).*
Generally, a defendant may not be convicted of one crime by proof of another (People v Molineux, supra; People v Alvino, 71 NY2d 233). Evidence of other crimes, however, may be admissible to establish motive, intent, the absence of mistake or accident, a common scheme or plan, or the identity of the person charged (People v Molineux, supra, at 294-317). Other crimes are also admissible when evidence of one is "inextricably interwoven” with evidence of the other, or where necessary to provide background information or complete a coherent narrative of the incident (People v Vails, 43 NY2d 364, 368). These rules permit joinder in a single indictment of several factually distinct crimes (CPL 200.20 [2] [b]).
In the first place, joinder in one indictment of the offenses arising out of the assaults by defendants against each other on January 6th or 7th and January 9, 1992 is proper; each group of crimes is admissible to prove, among other things, the parties’ intent and motive (People v Bongarzone, 69 NY2d 892; People v Greene, 166 AD2d 374; People v Washpun, 134 AD2d 858; People v Garcia, 126 AD2d 667).
Joinder of these offenses and the crimes against Ms. Chasen and Ms. Mott is equally appropriate. The inconclusive outcome of the first shooting explains the attempt by defendants *960 to settle their dispute on January 9th. Without that explanation, the sudden outbreak of a gunfight in the middle of the street would be otherwise inexplicable. In short, the first shooting provides a material explanation for the second (People v Vails, supra; People v Ventimiglia, 52 NY2d 350, 361), and relevant background and narrative information which the jury is entitled to hear (People v Gines, 36 NY2d 932; People v Powell, 157 AD2d 524, lv denied 75 NY2d 923; People v Hernandez, 139 AD2d 472, lv denied 72 NY2d 957).
The extent to which courts will go to insure that juries are provided with enough information to understand the nature and origin of the matters before them are illustrated by several relevant decisions. In People v Powell (supra), evidence of defendant’s drug selling enterprise was admissible to explain an attempted murder of his employee, whom defendant believed had been diluting drugs. In People v Ortiz (134 AD2d 624), evidence of a dispute which occurred shortly before the murder alleged in the indictment provided important information on the sequence of events which ended in the shooting. In People v Greene (166 AD2d 374, supra), larceny, false instrument and insurance fraud offenses were joined with murder charges since evidence of the theft offenses explained defendant’s willingness to murder his children for economic gain. And, in People v Rachles (177 AD2d 357), evidence of an antique dealer’s murder was admitted to explain defendant’s motive to murder the victim, who was a witness to the earlier crime.
The indictment complied, as well, with CPL 200.40, which authorizes joinder of defendants when all of them are charged with the same offenses, or all the offenses arise out of a common plan, or scheme or are based upon the same criminal transaction. In one sense, the defenses herein are not consistent — each party presumably will blame the other for starting the gunfight. On the other hand, "[s]ome degree of prejudice is * * * inherent in every joint trial * * * [b]ut that alone does not outweigh the factors favoring joinder of defendants” which include expediting the judicial process, reducing court congestion and avoiding the need for recalling witnesses. (People v Mahboubian, 74 NY2d 174, 183-184.) Severance is, of course, appropriate "where the core of each defense is in irreconcilable conflict with the other and where * * * [that] conflict alone would lead the jury to infer defendant’s guilt” (People v Mahboubian, supra, at 184). But that is not the case herein. For there is no evidence that defendants’ trial strategies *961 would be affected or that it would be impossible for the jury to credit and understand both defenses (People v Mahboubian, supra, at 185; People v Cuesta, 177 AD2d 639).
Finally, it is impossible to try the crimes against Ms. Chasen and Ms. Mott without at the same time trying the assaults by defendants against each other on January 6 or 7, 1992. Severance of those crimes would achieve nothing: it is simply impractical; for the reasons discussed above inappropriate; and would result in a needless, unnecessary repetition of trials. Accordingly, defendants’ motion for severance pursuant to CPL 200.20 and 200.40 is denied.
THE ALLEGATIONS IN THE INDICTMENT
The seventh through twelfth counts allege that defendants acted in concert with each other in the commission of crimes against Ms. Chasen and Ms. Mott. The People accordingly rely upon a unique theory of criminal liability: essentially, defendants who are charged with committing crimes against each other, at the same time acted together to commit crimes against others who were not involved in their dispute. Basically, they argue, defendants, by their depraved, reckless and indifferent conduct, created an unlawful, dangerous condition that resulted in the death of one and injury to another. The principle was appropriately employed.
In general two persons act in concert when "one * * * engages in conduct” and the other intentionally aids him in that conduct (Penal Law § 20.00). The law also provides that individuals may act together in the commission of a crime based upon their depraved, indifferent or reckless conduct. (People v Ricardo B., 73 NY2d 228 [drag race between two automobiles]; People v Fasano, 11 NY2d 436 [one man shot the victim while the other helped him during the assault]; People v Lieberman, 3 NY2d 649 [two men assaulted and killed a vagrant].)
People v Abbott (84 AD2d 11), cited with approval in People v Flayhart (72 NY2d 737, 741), illustrates these rules and supports the People’s theory of criminal responsibility. Two defendants engaged in a "drag race” and sped down a street in a residential area. Abbott tried to pass the car driven by the codefendant, Moon, lost control and smashed into another automobile, killing the driver and two passengers. Both defendants were charged with manslaughter in the second degree and criminally negligent homicide. They were convicted of criminally negligent homicide.
*962 Moon argued that he was not responsible for Abbott’s actions and that the conviction against him should be set aside. The court disagreed and found that defendants engaged in an inherently dangerous activity "[t]he significance [of which] should be apparent to anyone” (People v Abbott, supra, at 14). Although Moon’s car did not strike the victim’s car, he intentionally participated with Abbott "in the unlawful use of the vehicle * * * and thus shared Abbott’s culpability” (People v Abbott, supra, at 15). In fact, the Court said, "his conduct made the race possible”; there would not have been a race had Moon not "accepted Abbott’s challenge” and drove with him down the street (People v Abbott, supra, at 15). Accordingly, both defendants acted with the same culpable mental state and Moon was equally responsible for the victim’s death.
The same rules apply in this case. Although defendants were trying to injure, if not kill each other, at the very same time they acted in concert to create an explosive condition which resulted inevitably in Ms. Chasen’s death and Ms. Mott’s injury. They did not, of course, share the community of purpose that is traditionally associated with an indictment based upon concepts of joint responsibility. Nevertheless, like the drag racers in People v Abbott (supra) and People v Ricardo B. (supra), defendants intended to engage in a lawless activity, and acted together in a depraved, or reckless manner likely to result in the injury or death of others. Accordingly, the foregoing counts were properly pleaded.

 Identity of the parties is not, however, an issue and the groups of crimes herein may not be used for that purpose. (People v Robinson, 68 NY2d 541; People v Cabrera, 157 AD2d 551.)