■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BROWN, Appellant. [601 NYS2d 701] —Judgment, Supreme Court, New York County (Renee White, J.), rendered February 19, 1991, convicting defendant after a jury trial of criminal possession of a controlled substance in the fifth degree, and sentencing him as a predicate felony offender to a term of 3 to 6 years, unanimously affirmed.

While an undercover narcotics team had targeted another person in defendant's location, on the basis of a drug sale, defendant was observed holding a glassine bag of white powder. When defendant was arrested, tin foil packets and vials were recovered from his pocket. Although chemical evidence established that the glassine bag did not contain cocaine, the vials and tin foil packets did contain cocaine. On appeal, defendant challenges only the *Sandoval* ruling, and cross-examination of defendant which went beyond the ruling. By failing to object to the *Sandoval* ruling, defendant waived any claim challenging the ruling as a matter of law *(People v Johnson,* 169 AD2d 553, *lv denied* 78 NY2d 968), and we decline to review in the interest of justice. Were we to review,

we would find that the fact that the *Sandoval* ruling permitted inquiry into the fact of prior misdemeanor convictions for the sale of marijuana, conduct which bears directly on defendant's credibility, does not warrant a conclusion that defendant was unduly prejudiced *(see, People v Lucas,* 160 AD2d 330, *lv denied* 76 NY2d 860; *see also, People v Cowell,* 170 AD2d 343, *lv denied* 77 NY2d 993). While the prosecutor did inadvertently ask a single question of defendant in violation of the *Sandoval* ruling, the lack of an answer to the question and the court's prompt curative instruction alleviated any prejudice. *(See,* 195 AD2d 420 [decided herewith].) Concur—Milonas, J. P., Rosenberger, Rubin and Nardelli, JJ.