■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IGNAZIO RESTIVO, Appellant. [642 NYS2d 143] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a weapon in the second degree. His contention that the evidence is legally insufficient to support the conviction is unpreserved for review. Defendant failed to raise that contention in his trial motion to dismiss (see, CPL 470.05 [2]; People v Gray, 86 NY2d 10). Further, because defendant failed to include in the stipulated record on appeal those pages of the trial transcript concerning his contention that the verdict, which acquitted him of other charges, is repugnant, we cannot review that contention (see, People v Peak, 214 AD2d 1012, 1013, lv denied 86 NY2d 800). We conclude that the verdict is not contrary to the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

Although the prosecutor improperly asked defendant if he was aware that the gun he possessed had been stolen during a burglary in Utica, defendant waived any objection by rejecting County Court's offer of a curative instruction following denial of his motion for a mistrial (see, People v Lasage, 221 AD2d 1006; People v Hollis, 215 AD2d 777, 778, lv denied 86 NY2d 796). In any event, the court did not abuse its discretion in denying defendant's motion for a mistrial. Defendant did not respond to the question, and the impropriety was not so egregious as to deny defendant a fair trial (see, People v Brown, 195 AD2d 419, 420, lv denied 82 NY2d 804).

We reject the contention that the court erred in concluding that defendant knowingly and voluntarily waived his *Miranda* rights. Although the record shows that the officers had difficulty understanding the broken English spoken by defendant at the time of his arrest, conflicting evidence was presented at the suppression hearing whether defendant had difficulty understanding English. The court resolved that conflict in the People's favor, and there is no basis in the record to disturb the determination that defendant voluntarily, intelligently and knowingly waived his *Miranda* rights (*see, People v Prochilo*, 41 NY2d 759, 761; *People v Pitsley*, 185 AD2d 645, *lv denied* 81 NY2d 792). We also reject the contention that alleged errors in the interpretation of the trial testimony of defendant from Italian to English deprived him of a fair trial. On two occasions, the interpreter interpreted the witness' response to be "no", rather than the verbatim response of the witness, because he believed that interpretation to be required by the court's direction that the witness answer the questions with either a "yes" or "no" response. Defendant has not shown that he was prejudiced by the interpreter's conduct on those occasions. The remaining alleged error regarding the accuracy of the translation involved the interpreter's use of the term "old man". The mistaken use of that term, given the context of the examination, was understandable and was immediately resolved by counsel and the court. Finally, there is no merit to defendant's contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Wayne County Court, Parenti, J.—Criminal Possession Weapon, 2nd Degree.) Present—Pine, J. P., Wesley, Balio, Davis and Boehm, JJ.