FOURTH DEPARTMENT, DECEMBER, 2007

(December 21, 2007)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEMAR KELLEY, Appellant. [847 NYS2d 813]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered May 18, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted murder in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree (three counts), and criminal use of a firearm in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him, upon a jury verdict, of one count each of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), reckless endangerment in the first degree (§ 120.25), and criminal use of a firearm in the first degree (§ 265.09 [1]), and three counts each of criminal possession of a weapon in the second degree (former § 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1], [4]), arising out of two separate incidents. We reject the contention of defendant that the conviction of murder in the second degree is not supported by legally sufficient evidence. Affording the People every favorable inference (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence that the holster containing defendant's DNA was found at the crime scene next to the victim's bicycle, along with several spent shell casings, and the testimony of the eyewitness describing the shooter as an individual generally matching defendant's physical appearance is legally sufficient to support the murder conviction (*see People v Lopez*, 9 AD3d 692, 694 [2004]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although defendant is correct that the People did not present evidence with respect to the length of time that the holster was at the crime scene, the testimony of a police detective that the type of holster found at the crime scene had a tendency to "stick" to the gun when the gun is drawn provided a reasonable explanation for the presence of the holster at the crime scene. The verdict with respect to the murder count also is not against the weight of the evidence. "Issues of credibility and identification, including the weight to be given the backgrounds of the People's witnesses and inconsistencies in their testimony, were properly considered by the jury and there is no basis for disturbing its determinations" (*People v Garrick*, 11 AD3d 395, 396 [2004], *lv denied* 4 NY3d 744, 798 [2004]). We cannot say that the jury's verdict with respect to the murder count is "plainly unjustified by the evidence" (*People v Van Akin*, 197 AD2d 845, 846 [1993]).

Also contrary to defendant's contention, the evidence is legally sufficient to support the conviction of attempted murder. The passenger in the victim's vehicle testified that someone in defendant's car who was wearing a jacket with a red sleeve fired multiple gunshots at the victim's vehicle. The passenger further testified that the red sleeve he observed was the same as the sleeve on the baseball jacket worn by defendant earlier that day. In addition, a police officer testified that, while the victim was "yelling" and "moaning" because she was suffering from multiple gunshot wounds and in pain, she identified defendant as the shooter. That testimony was properly admitted under the

excited utterance exception to the hearsay rule, inasmuch as the victim's identification was "not made under the impetus of studied reflection" (*People v Edwards*, 47 NY2d 493, 497 [1979]; *see People v Cotto*, 92 NY2d 68, 78-79 [1998]; *People v McClary*, 21 AD3d 1427, 1428 [2005], *lv denied* 5 NY3d 884 [2005]; *People v Hasan*, 17 AD3d 482 [2005], *lv denied* 5 NY3d 882 [2005]). The officer arrived at the crime scene only one or two minutes following the 911 call and, when the victim was placed in the ambulance and the officer asked the victim who shot her, the victim immediately responded, "during her cries of pain," that it was defendant. Only five minutes passed between the time the officer arrived at the scene and the time the ambulance departed for the hospital. We thus conclude, based on the passenger's testimony and the officer's testimony that the victim identified defendant as the person who shot her, that the evidence is legally sufficient to support the attempted murder count (*see People v Fratello*, 243 AD2d 340 [1997], *affd* 92 NY2d 565 [1998], *cert denied* 526 US 1068 [1999]; *People v Breland*, 259 AD2d 1040 [1999], *lv denied* 93 NY2d 966 [1999]; *see generally Bleakley*, 69 NY2d at 495). The verdict also is not against the weight of the evidence with respect to that count. The jury's resolution of credibility and identification issues "is entitled to great weight" (*People v Cliff*, 230 AD2d 865, 866 [1996], *lv denied* 88 NY2d 1067 [1996], *cert denied* 520 US 1158 [1997]), and "[t]here is no indication in the record before us that the jury failed to give the evidence the weight it should be accorded" (*People v Drake*, 17 AD3d 1154 [2005], *lv denied* 5 NY3d 788 [2005]).

We reject the further contention of defendant that Supreme Court erred in denying his motion to sever the counts of the indictment relating to the murder incident from the counts relating to the attempted murder incident. Where counts of an indictment are properly joined because "either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first" (CPL 200.20 [2] [b]), the trial court has no discretion to sever counts pursuant to CPL 200.20 (3) (*see People v Bongarzone*, 69 NY2d 892, 895 [1987]; *People v Lane*, 56 NY2d 1, 7 [1982]). Here, the offenses were properly joined pursuant to CPL 200.20 (2) (b), and thus the court "lacked statutory authority to grant defendant's [severance] motion" (*People v Murphy*, 28 AD3d 1096, 1097 [2006], *lv denied* 7 NY3d 759, 760 [2006]; *see Bongarzone*, 69 NY2d at 895; *People v Scott*, 276 AD2d 380 [2000], *lv denied* 96 NY2d 738 [2001]). The evidence presented at the severance hearing established that defendant told the at-

tempted murder victim, who at the time was his girlfriend, that he previously committed the murder, and that statement was material and relevant on the issue of defendant's motive and intent thereafter to attempt to kill her (see CPL 220.20 [2] [b]; *People v Garcia*, 126 AD2d 667 [1987], *lv denied* 69 NY2d 880 [1987]).

Defendant failed to preserve for our review his contention that the conviction of criminal use of a firearm in the first degree should be reversed because the use of the firearm in the attempted murder conviction cannot also be the predicate offense for criminal use of a firearm in the first degree (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We further reject defendant's challenge to the severity of the sentence. "In view of the brutal and senseless nature of the crime[s]," the aggregate sentence of 50 years to life is not unduly harsh or severe (*People v Walker*, 12 AD3d 1107, 1108 [2004], *lv denied* 4 NY3d 749, 804 [2004]).

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted under count seven of the indictment of criminal possession of a weapon in the third degree in violation of Penal Law § 265.02 (4), and it must therefore be amended to reflect that he was convicted under Penal Law § 265.02 (1) (see *People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]). Present—Hurlbutt, J.P., Gorski, Smith, Lunn and Pine, JJ.