■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. SINGLETON, Appellant. [873 NYS2d 838]—

Appeal from a judgment of the Monroe County Court (Walter W. Hafner, Jr., J.), rendered August 5, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and burglary in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of one count each of robbery in the first degree (Penal Law § 160.15 [4]) and burglary in the first degree (§ 140.30 [4]), defendant contends that County Court erred in refusing to strike the testimony of one of the victims adduced through two interpreters. The victims are natives of India, and the victim in question understood some English. We note at the outset that defendant's contention is preserved for our review only with respect to the testimony adduced through the second of the two interpreters (*see* CPL 470.05 [2]), and we decline to exercise our power to review defendant's contention with respect to the first interpreter as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We conclude that the court did not err in refusing to strike the testimony of the victim in question based upon the alleged inaccuracies in the second interpreter's translation. Although defendant established that there were some errors in that translation, he failed to establish that he "was prejudiced by those errors" (*People v Dat Pham*, 283 AD2d 952 [2001], *lv denied* 96 NY2d 900 [2001]; *see People v Restivo*, 226 AD2d 1106, 1107 [1996], *lv denied* 88 NY2d 883 [1996]). In any event, the record establishes that any errors were corrected either through objections made by defense counsel that were sustained by the court, or through defense counsel's cross-examination of the victim using the third and fourth interpreters (*see Restivo*, 226 AD2d at 1107).

We have reviewed the remaining contentions of defendant, including those raised in his pro se supplemental brief, and conclude that they are without merit. Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.