=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 163
The People &c.,
            Respondent,
        v.
Thomas Horton,
            Appellant.




            Tyson Blue, for appellant.
            Christopher Bokelman, for respondent.




MEMORANDUM:

            The order of the Appellate Division should be affirmed.

            In June of 2010, investigators in the Wayne County

Sheriff's Office planned a controlled, recorded drug purchase.

The investigators recruited a young woman (hereafter, the

confidential informant) to make the actual buy.  She was wired

with a microphone, and a camera was concealed in the back seat of

- 1 -

her car.  On June 10th, she arranged a meeting, apparently with defendant Thomas Horton, and drove to a parking lot to rendezvous with him.  When defendant arrived, he was accompanied by another man, Clarence Jackson, who sold the confidential informant a quantity of cocaine, a transaction captured by the hidden camera and recorded by the wire.

On or about April 21, 2011, Jackson was arrested and charged with sale of a controlled substance.  That same day, he went to defendant's house with a copy of the videotape; Jackson explained that he had just been arrested for the sale and that he planned to take a plea.  Later that day, the confidential informant contacted one of the investigators who had worked with her on the buy to report that defendant had begun "outing" her on Facebook.  In addition to identifying her as an informant, defendant uploaded a clip of the surveillance video to the website YouTube, and provided a link to it on his Facebook page.  The video spawned a flurry of discussion and recriminations from defendant and his Facebook friends.  Many statements were made by defendant and others denouncing snitches in general and the confidential informant specifically, including warnings that "Snitches get stitches" and "I hope she gets what's coming to her."

On April 25, 2011, defendant was arrested for fourth-degree witness tampering, which provides, as relevant, that

> "[a] person is guilty of tampering with a witness when, knowing that a person is or is about to be called as a

witness in an action or proceeding, (a) he wrongfully induces or attempts to induce such person to absent himself from, or otherwise to avoid or seek to avoid appearing or testifying at, such action or proceeding" (Penal Law § 215.10).

On June 27, 2011, defendant was tried by jury in Town Court and convicted as charged; he was sentenced to one year in Wayne County jail. Defendant appealed to County Court, arguing that there was insufficient evidence that he attempted to prevent the confidential informant from testifying, or that he had any knowledge that she would testify in any proceeding.

County Court affirmed. The judge noted that defendant's best friend, Jackson, was charged with a drug sale, and knew that the confidential informant had worked with police to secure the charge; that defendant made Facebook posts identifying the confidential informant; and that the confidential informant was able to see these posts and the comments from other Facebook users that the posts generated. A Judge of this Court granted defendant leave to appeal (21 NY3d 1074 [2013]), and we now affirm.

The evidence, seen in the light most favorable to the People, is sufficient to establish that defendant knew that the confidential informant might testify in a proceeding, and that he wrongfully sought to stop her from doing so. After learning about Jackson's arrest and the confidential informant's role as a witness against Jackson and, potentially, himself, defendant immediately posted communications on the internet that the jury

might have reasonably inferred were coded threats that were intended to induce the confidential informant not to testify. And in addition to the public postings on Facebook and YouTube, defendant was in contact via Facebook messages (which essentially act as email on the website) with the confidential informant and her mother.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge Lippman and Judges Graffeo, Read, Smith, Pigott, Rivera and Abdus-Salaam concur.

Decided October 21, 2014