# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**54**

**KA 14-00810**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

IRIS RESTO, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered February 21, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the first degree, conspiracy in the first degree, criminal solicitation in the first degree, tampering with a witness in the fourth degree (three counts), bribing a witness, intimidating a witness in the second degree, tampering with a witness in the second degree and conspiracy in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, murder in the first degree (Penal Law § 125.27 [1] [a] [vi]; [b]) and three counts of tampering with a witness in the fourth degree (§ 215.10). Defendant contends that she was denied her due process right to an interpreter at arraignment. We conclude, however, that defendant, who was represented by counsel at her arraignment, failed to preserve her contention for our review because she never objected to the absence of an interpreter at that proceeding (*see* CPL 470.05 [2]; *People v Robles*, 86 NY2d 763, 764-765; *People v Garcia-Cruz*, 138 AD3d 1414, 1414, *lv denied* 28 NY3d 929). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, any errors related to the manner and extent of the translations made by the court interpreter during jury selection and pretrial discussions were corrected by County Court (*see People v Singleton*, 59 AD3d 1131, 1131, *lv denied* 12 NY3d 859, *reconsideration denied* 13 NY3d 800; *People v Restivo*, 226 AD2d 1106, 1107, *lv denied* 88 NY2d 883). Defendant's contention that she was unable to understand the court interpreter during the remainder of the trial is unpreserved for our review and, in any

event, not supported by the record (*see People v Zhang Wan*, 203 AD2d 499, 499, *lv denied* 83 NY2d 973).

We reject defendant's contention that the court abused its discretion in denying her request for an adjournment to allow defense counsel to engage in a further review of *Rosario* material in preparation for trial. "Although . . . the court's discretion with respect to a request for an adjournment is more narrowly construed when a fundamental right is impacted . . . , it is well settled that '[t]he court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice' " (*People v Peterkin*, 81 AD3d 1358, 1360, *lv denied* 17 NY3d 799; *see People v Spears*, 64 NY2d 698, 699-700). Here, the court denied defendant's request for an adjournment upon determining that the People had provided defense counsel with unredacted copies of the *Rosario* material a week before trial and that defense counsel would be afforded additional time to prepare until the following day after the early completion of jury selection. Defendant has made no showing that she was prejudiced by the court's ruling (*see Peterkin*, 81 AD3d at 1360; *People v Sargent*, 195 AD2d 987, 988, *lv denied* 82 NY2d 808).

We reject defendant's further contention that the court's pretrial *Molineux* ruling constitutes an abuse of discretion. The evidence regarding defendant's drug dealing enterprise was relevant to material issues other than her criminal propensity, inasmuch as it was inextricably intertwined with the victim's murder, tended to establish defendant's motive for procuring the commission of the killing, and provided necessary background information with respect to defendant's relationship with the People's witnesses (*see People v Stevens*, 87 AD3d 754, 756, *lv denied* 18 NY3d 861; *People v Marrero*, 272 AD2d 77, 77, *lv denied* 95 NY2d 855; *People v Zimmerman*, 212 AD2d 821, 821-822, *lv denied* 85 NY2d 945, *reconsideration denied* 86 NY2d 743; *People v Powell*, 157 AD2d 524, 524, *lv denied* 75 NY2d 923). The probative value of that evidence outweighed its potential for prejudice (*see Powell*, 157 AD2d at 525; *see generally People v Alvino*, 71 NY2d 233, 241-242). Any inconsistencies in the testimony regarding the size of defendant's drug dealing enterprise and the precise nature of the victim's alleged infringement upon that enterprise go to the weight of the evidence, not its admissibility (*see generally People v Kims*, 24 NY3d 422, 439; *People v Zarif*, 290 AD2d 401, 402, *lv denied* 98 NY2d 683).

Contrary to defendant's contention, she was not denied a fair trial by the testimony of a former defense attorney, on direct examination by the prosecutor, that he had previously represented defendant in a felony criminal matter in which she was charged with criminal possession of a controlled substance in the third degree. "The court struck that testimony in response to defendant's objection and gave curative instructions that were sufficient to alleviate any prejudice" (*People v Brooks*, 139 AD3d 1391, 1392; *see People v Santiago*, 52 NY2d 865, 866). Defendant's remaining contention with respect to the admission of evidence of alleged uncharged crimes or prior bad acts is not preserved for our review (*see* CPL 470.05 [2];

*see generally People v Gray*, 86 NY2d 10, 20-21), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant failed to preserve for our review all but one of her present objections to alleged instances of prosecutorial misconduct on summation (*see* CPL 470.05 [2]) and, in any event, we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Cox*, 21 AD3d 1361, 1364, *lv denied* 6 NY3d 753 [internal quotation marks omitted]).

To the extent that defendant preserved for our review her contention that the conviction of murder in the first degree is not supported by legally sufficient evidence (*see Gray*, 86 NY2d at 19), we conclude that it lacks merit. Viewing the evidence in the light most favorable to the People (*see People v Danielson*, 9 NY3d 342, 349), we conclude that, contrary to defendant's contention, the evidence is legally sufficient to establish beyond a reasonable doubt that the gunmen, with whom defendant was acting in concert, caused the victim's death (*see* Penal Law §§ 20.00, 125.27 [1] [a] [vi]). Defendant preserved the remainder of her challenge to the legal sufficiency of the evidence only with respect to the tampering with a witness counts, which arose in connection with a separate trial (*see Gray*, 86 NY2d at 19). Contrary to defendant's contention, viewing the evidence in the light most favorable to the People, we conclude that the evidence is legally sufficient to support the conviction with respect to those counts (*see generally People v Horton*, 24 NY3d 985, 987; *People v Bleakley*, 69 NY2d 490, 495).

Although defendant failed to preserve for our review any further challenge to the legal sufficiency of the evidence, " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (*People v Stepney*, 93 AD3d 1297, 1298, *lv denied* 19 NY3d 968; *see Danielson*, 9 NY3d at 349-350). We nonetheless conclude that, viewing the evidence in light of the elements of each crime as charged to the jury (*see Danielson*, 9 NY3d at 349), although an acquittal would not have been unreasonable, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). It is well settled that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we perceive no reason to disturb the jury's resolution of those issues in this case. Contrary to defendant's contention, the testimony of the People's witnesses was not incredible as a matter of law, i.e., it was not " 'impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Garafolo*, 44 AD2d 86, 88). The testimony of the People's witness was not rendered incredible as a matter of law by the minor inconsistencies in their testimony (*see People v Williams*, 118 AD3d 1295, 1296, *lv denied* 24 NY3d 1090), or by the fact that many of them had criminal histories

and received favorable treatment in exchange for their testimony (*see People v Carr*, 99 AD3d 1173, 1174, *lv denied* 20 NY3d 1010; *People v Manley*, 60 AD3d 870, 870, *lv denied* 12 NY3d 927).

To the extent that defendant's contention that she was denied effective assistance of counsel is based on matters outside the record on appeal, including her assertion that defense counsel failed to investigate and call certain witnesses, it must be raised by way of a motion pursuant to CPL article 440 (*see People v Bradford*, 126 AD3d 1374, 1375, *lv denied* 26 NY3d 926; *People v Kaminski*, 109 AD3d 1186, 1186, *lv denied* 22 NY3d 1088).  To the extent that the record permits review of the claims that defendant raises on appeal, we conclude that they are without merit (*see generally People v Caban*, 5 NY3d 143, 152; *People v Baldi*, 54 NY2d 137, 147; *People v Galens*, 111 AD3d 1322, 1322-1323, *lv denied* 22 NY3d 1088).

Defendant failed to preserve for our review her contention that, in sentencing her, the court "penalized [her] for exercising [her] right to a jury trial" (*People v Campbell*, 118 AD3d 1464, 1466, *lv denied* 24 NY3d 959, *reconsideration denied* 24 NY3d 1218).  In any event, "[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [her] right to trial" (*id.* [internal quotation marks omitted]).  Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court