People v Johnson (2025 NY Slip Op 00591)

People v Johnson

2025 NY Slip Op 00591

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

928 KA 22-00175

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY JOHNSON, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 19, 2021. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (two counts), criminal sexual act in the second degree (three counts), criminal sexual act in the first degree, rape in the second degree, assault in the second degree, criminal sexual act in the third degree and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of predatory sexual assault against a child (Penal Law former § 130.96), one count of criminal sexual act in the first degree (former § 130.50 [1]), three counts of criminal sexual act in the second degree (former § 130.45 [1]), one count of criminal sexual act in the third degree (former § 130.40 [2]), one count of rape in the second degree (§ 130.30 [former (1)]), two counts of endangering the welfare of a child (§ 260.10 [1]), and one count of assault in the second degree (§ 120.05 [2]). Defendant contends that Supreme Court erred in refusing to sever the assault count from the other counts in the indictment. We reject that contention. The court properly determined that the offenses were joinable pursuant to CPL 200.20 (2) (b), which allows joinder of offenses that are based on different criminal transactions where, as here, "such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first" (see People v Jesmer, 229 AD3d 1112, 1113-1114 [4th Dept 2024], lv denied 42 NY3d 971 [2024]). Contrary to defendant's contention, evidence relating to the sexual felony and child endangerment charges was relevant and necessary to complete the narrative of events that led to the altercation during which defendant assaulted the victim with a 20-pound exercise weight (see id. at 1114) and on the issue of defendant's motive and intent during that altercation (see People v Kelley, 46 AD3d 1329, 1331-1332 [4th Dept 2007], lv denied 10 NY3d 813 [2008]). Thus, the assault count was properly joined with the other counts in one indictment under CPL 200.20 (2) (b), and the court lacked statutory authority to sever them (see Jesmer, 229 AD3d at 1114).
We also reject defendant's contention that the court erred in refusing to charge the jury on the defense of justification in the use of non-deadly physical force in connection with the assault count (see Penal Law § 35.15 [1]; see generally People v Vega, 33 NY3d 1002, 1004 [2019]). This is not one of the "rare" cases in which defendant is charged with a crime containing a dangerous instrument element but the jury could nonetheless have concluded that defendant used no more than ordinary physical force and was justified in doing so (Vega, 33 NY3d at 1004; see Penal Law § 120.05 [2]; cf. People v Powell, 101 AD3d 1369, 1372 [3d Dept 2012], lv denied 21 NY3d 1019 [2013]). To the contrary, even considering the evidence in the light most favorable to defendant, we conclude that no reasonable view of the evidence would support a finding that [*2]defendant "did not use the [20-pound exercise weight] in question in a manner readily capable of causing death or serious physical injury" (People v Marishaw, 174 AD3d 401, 402 [1st Dept 2019], lv denied 34 NY3d 952 [2019]).
The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court