(July 7, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEDDY TUVIA SEIDMAN, Appellant. [613 NYS2d 875] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered June 13, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, conspiracy in the second degree, and two counts of criminal sale of a controlled substance in the third degree, and sentencing him to two terms of 15 years to life on the first degree sale and possession counts, and three terms of 8⅓ to 25 years on the remaining counts, all sentences to run concurrently, unanimously affirmed.

The People gave the Grand Jury such instructions as were "necessary or appropriate" (CPL 190.25 [6]; see, People v Calbud, Inc., 49 NY2d 389, 394-395), in view of the grand jurors' assurances that the instructions defendant claims should have been given were unnecessary because already heard by them earlier in their term (see, People v Brown, 176 AD2d 155, 156, affd 81 NY2d 798). Nor was it necessary for the motion court to review the earlier instructions, which dealt with relatively simple aspects of the charges (see, People v Percy, 38 NY2d 806, affg 45 AD2d 284).

The court did not abuse its discretion in refusing to order a mid-trial competency examination. Despite counsel's good-faith representations that defendant had lost his ability to assist in his own defense and was suffering from memory lapses, the court relied on its own observations of defendant both before and during trial, including during his lucid testimony, and properly concluded that defendant's inability to

assist in his defense was due to his cantankerous personality and not any mental disease or defect *(see, People v Russell,* 74 NY2d 901).

We have reviewed the contentions raised in defendant's *pro se* supplemental brief and find them inadequately preserved and without merit. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.