■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS GRANT, Appellant. [626 NYS2d 87] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered May 5, 1992, convicting defendant, upon his plea of guilty, of rape in the first degree and attempted murder in the second degree, and sentencing him to concurrent terms of 5⅓ to 16 years on each count, unanimously affirmed.

In light of the fact that 17 of 18 grand jurors who heard all the evidence in this continued case were present at the time the indictment was voted, the Grand Jury minutes were reviewed by two different Judges, one of whom presided at defendant's earlier trial, upon which review defendant's motions to dismiss the indictment were denied, and that defendant failed to establish that the grand jurors in this case were not provided with general instructions advising them which jurors were entitled to vote (CPL 190.20 [5]), defendant has failed to rebut the presumption of regularity which attaches to official proceedings (see, People v Pizarro, 190 AD2d 634, lv denied 81 NY2d 1018). Moreover, the prosecutor's reliance on the grand jurors' representation that they had already been instructed with respect to the elements of those crimes of which defendant was indicted was sufficient to satisfy his obligation to instruct the Grand Jury concerning the law "[w]here necessary or appropriate" (CPL 190.25 [6]; People v Seidman, 206 AD2d 257, lv denied 84 NY2d 939).

By pleading guilty, defendant waived his statutory speedy trial claims (People v Suarez, 55 NY2d 940), which we find without merit in any event, since, as the Supreme Court found, most of the period of delay resulted from "proceedings concerning the defendant" and "from a continuance granted

by the court at the request of, or with the consent of, the defendant or his counsel" (CPL 30.30 [4] [a], [b]), and were properly excluded.

We have considered the remaining issues raised in defendant's *pro se* brief and find them to be without merit. Concur —Sullivan, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.