the record is sufficient to determine the legal issue (*see,* CPLR 7804 [g]; *City School Dist. v New York State Pub. Empl. Relations Bd.,* 144 AD2d 35, 37, *affd* 74 NY2d 395; *Matter of Dubb Enters. v New York State Liq. Auth.,* 187 AD2d 831, 832).

18 NYCRR 385.12 (k) (5) provides that an AFDC recipient may be assigned to participate in a WEP only if "the number of hours a participant is required to work in any month does not exceed the number of hours which would result from dividing the household's monthly grant amount * * * by the highest of: (i) the Federal minimum wage; (ii) the State minimum wage; or (iii) the prevailing rate of pay for persons employed in the same or similar occupations by the same employer at the same or equivalent site" (*see,* Social Services Law § 336-c [2] [c]). Further, 18 NYCRR 385.12 (k) (6) requires that an AFDC recipient may be assigned to participate in a WEP only if "the social services official has obtained a determination of the prevailing rate of pay from the Department of Labor [DOL] before making the assignment". It is well settled that an agency acts arbitrarily and capriciously by failing to comply with its own rules and regulations (*see, Matter of Frick v Bahou,* 56 NY2d 777, 778; *Matter of Brooks v Forsythe,* 189 AD2d 26, 32; *Matter of Era Steel Constr. Corp. v Egan,* 145 AD2d 795, 799). Here, respondents failed to obtain a determination of the prevailing rate of pay from DOL before assigning petitioner to the WEP.

Thus, we annul the determination, grant the petition and remit the matter to respondents to determine the amount wrongfully withheld from petitioner's public assistance benefits. There is no need for a declaration (*see, Greystone Mgt. Corp. v Conciliation & Appeals Bd.,* 62 NY2d 763, 765). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Jefferson County, Gilbert, J.) Present—Lawton, J. P., Wesley, Doerr, Davis and Boehm, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE IVEY, Appellant. (Appeal No. 1.) [646 NYS2d 484] —Judgment unanimously affirmed. Counsel's application to withdraw granted (*see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Supreme Court, Monroe County, Bender, J.— Grand Larceny, 3rd Degree.) Present—Green, J. P., Lawton, Doerr and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE IVEY, Appellant. (Appeal No. 2.) [646 NYS2d 484] —Judgment unanimously affirmed. Counsel's application to withdraw granted (*see, People v Crawford,* 71 AD2d 38). Memorandum: