■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OSWIN HEWITT, Respondent. [649 NYS2d 663] —Order of the Supreme Court, New York County (Budd G. Goodman, J.), entered on or about January 4, 1996, which granted defendant's motion to dismiss the indictment on the ground that the prosecutor's legal instructions to the Grand Jury were inadequate, is unanimously reversed, on the law, the indictment reinstated and the matter remanded to the Supreme Court for further proceedings.

After searching an apartment pursuant to a search warrant and discovering contraband therein, the police arrested defendant, who had keys to the apartment on his person. They also found telephone and utility bills in his name in the apartment. The Supreme Court dismissed the indictment, finding that the People had failed to charge the Grand Jury with respect to the law as it pertains to constructive possession. It concluded that even if the Grand Jury had been charged earlier in its term with respect to the law of constructive possession, it was incumbent upon the People to inquire with respect to such as well as to inquire whether any Grand Juror wished to be reinstructed. This was erroneous. "[I]t would be unsound to measure the adequacy of the legal instructions given to the Grand Jury by the same standards that are utilized in assessing a trial court's instructions to a petit jury. Indeed, the difference in the extent and quality of the legal instructions that must be given to the two bodies is reflected in the Criminal Procedure Law, which, on the one hand, directs the court or District Attorney to give legal instruction to the Grand Jury only '[w]here

necessary or appropriate' (CPL 190.25, subd 6), but, on the other hand, requires a Judge presiding over a trial before a petit jury to state in detail 'the fundamental legal principles applicable to criminal cases in general' as well as 'the material legal principles applicable to the particular case' and 'the application of the law to the facts' (CPL 300.10, subd 2). In view of the divergent functions of the two bodies, we hold that a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law. We deem it sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime." (*People v Calbud, Inc.*, 49 NY2d 389, 394-395.)

Under the circumstances of this case, there was no need for a special instruction on constructive possession. The Grand Jury was informed that the defendant was outside the premises with the key to the apartment on his person and that utility and telephone bills in his name were found in the apartment. Thus, only the People could be prejudiced if the Grand Jury misunderstood possession to be limited to physical possession by the defendant.

In any event, even assuming arguendo that the People were obligated to instruct the Grand Jury as to the law of constructive possession, the People fulfilled that duty when another prosecutor gave this Grand Jury a thorough, detailed instruction as to such law, as part of another case earlier in the Grand Jury's term. It is very common for a prosecutor to rely on a Grand Jury's prior receipt of legal instructions either at the beginning of the term or in connection with another case (*People v Seidman*, 206 AD2d 257, *lv denied* 85 NY2d 980). Such reliance is proper as long as the circumstances demonstrate the grand jurors' continued understanding of the earlier instruction (*supra; People v Augustine*, 172 AD2d 843, 844, *lv denied* 78 NY2d 920). In the instant case, the grand jurors asked whether a lease to the apartment was recovered and whether any other person lived in the apartment with defendant. These questions clearly demonstrated that the jurors understood and were applying the earlier instructions. Concur—Milonas, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.