*963 Appeal from a judgment of Erie County Court (Drury, J.), entered August 23, 2001, convicting defendant upon his plea of guilty of burglary in the third degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). By pleading guilty, defendant forfeited review of his contention that the integrity of the grand jury proceedings was impaired by the reference of a witness to defendant’s parole status and by the prosecutor’s failure to give a circumstantial evidence charge (see People v Hansen, 95 NY2d 227, 231-232 [2000]; People v Gerber, 182 AD2d 252, 262 [1992], lv denied 80 NY2d 1026 [1992]). Defendant’s challenges to the rulings of the suppression court survive the guilty plea (see CPL 710.70 [2]), but those challenges are encompassed by defendant’s waiver of the right to appeal (see People v Kemp, 94 NY2d 831, 833 [1999]). That waiver also encompasses defendant’s challenge to the severity of the sentence (see People v Hidalgo, 91 NY2d 733, 737 [1998]). Finally, defendant’s speculation that the number of grand jurors may not have satisfied statutory and constitutional requirements is insufficient to rebut the presumption of regularity that attaches to grand jury proceedings (see People v Grant, 215 AD2d 114 [1995], lv denied 86 NY2d 795 [1995]). Present— Green, J.P, Wisner, Hurlbutt, Kehoe and Hayes, JJ.