THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY CRAWFORD, Appellant. [834 NYS2d 170]—

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J., on dismissal motion; John A. Barone, J., at jury trial and sentence), rendered July 13, 2004, convicting defendant of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of eight years and 3½ years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

The court properly denied defendant's motion to dismiss the indictment since there were no errors in the grand jury presentation that rose to the level of impairing the integrity of the proceeding (*see People v Huston*, 88 NY2d 400, 410 [1996]; *see also People v Valles*, 62 NY2d 36, 38 [1984]). Viewing the grand

jury evidence in the light most favorable to defendant, we find that there was no reasonable view of such evidence to support any type of justification charge (*see e.g. People v Hosein*, 221 AD2d 563 [1995]). Defendant's other claim concerning the grand jury proceedings is unreviewable for lack of a sufficient record as to the oral instructions and written information (*see* CPL 190.25 [5]) received by the grand jurors. Accordingly, defendant has not rebutted the presumption of regularity attached to the proceedings (*see People v Grant*, 215 AD2d 114 [1995], *lv denied* 86 NY2d 795 [1995]; *People v Smith*, 182 AD2d 725, 728 [1992], *lv denied* 80 NY2d 896 [1992]). To the extent this claim could be deemed reviewable, we find it without merit.

The court properly exercised its discretion in denying defendant's request to recall the victim several days after he had completed his testimony, in order to lay a foundation to introduce an alleged prior inconsistent statement, bearing minimal impeachment value, contained in a medical record that had been disclosed to the defense long before trial (*see People v Alicea*, 33 AD3d 326 [2006], *lv denied* 7 NY3d 923 [2006]). To the extent that defendant is raising a constitutional claim, such claim is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]) and we decline to review it in the interest of justice. Were we to review this claim, we would find no impairment of defendant's right to confront witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

Defendant's challenge to the trial court's justification charge, and his claims of prosecutorial misconduct, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

Defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). While defendant faults his counsel for failing to take various actions, we find no reason to believe that any of these actions, if taken, would have affected the fairness or outcome of the trial.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]) providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Tom, J.P., Andrias, Buckley, Gonzalez and Malone, JJ.