(October 23, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW ERVING, Appellant. [866 NYS2d 147]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered December 15, 2006, convicting defendant, after a jury trial, of sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to a term of six years, unanimously affirmed.

The court properly exercised its discretion when it declined to ask the jurors whether they had seen a newspaper article about this case that was published during the trial and contained an allegedly inflammatory headline and potentially prejudicial content (see People v Moore, 42 NY2d 421, 433-434 [1977], cert denied 434 US 987 [1977]). The court had repeatedly instructed the jury not to read any articles about the case, the article's placement in the middle of the paper diminished the possibility that any jurors were exposed to it, and there was no indication that any jurors actually saw it (see People v Rivera, 31 AD3d 790 [2006], lv denied 7 NY3d 904 [2006]). To the extent that defendant is claiming that an inquiry was constitutionally mandated, such claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

The court properly denied defendant's request to charge sexual abuse in the third degree as a lesser included offense. In his testimony defendant denied using force, but also denied engaging in contact of a sexual nature. While he claimed he playfully tickled and poked his victim and fell with his head in her chest, this was not sexual contact within the meaning of Penal Law § 130.00 (3). There was no reasonable view of the evidence that he subjected his victim to sexual contact without her consent but without using force (see generally People v Glover, 57 NY2d 61, 63 [1982]). Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ.