■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MEDINA, Appellant. [889 NYS2d 168]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered May 4, 2007, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a

term of 10 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of eight years, and otherwise affirmed.

Defendant did not preserve his present challenge to the portion of the court's jury instruction on robbery that defined the term larceny. Regardless of what defense counsel may have been alluding to in his comments at the end of the charge (*see People v Borrello*, 52 NY2d 952 [1981]), these comments were insufficient to convey a request that the court not only give a definition of larceny that included an intent to "deprive another of property or to appropriate the same to himself or a third person," as set forth in Penal Law § 155.05 (1), but *also* read to the jury the definitions of "deprive" and "appropriate" set forth in subdivisions (3) and (4) of Penal Law § 155.00. We decline to review this claim in the interest of justice. As an alternative holding, we find no basis for reversal, because, in the factual context presented, the absence of these definitions did not cause any prejudice.

The court properly exercised its discretion when it denied defendant's mistrial motions made after notes from the deliberating jury indicated it was deadlocked, and instead delivered several *Allen* charges (*see Matter of Plummer v Rothwax*, 63 NY2d 243, 250 [1984]). The progress of deliberations that continued after each *Allen* charge indicated that there had not been an unyielding breakdown in deliberations, and that the charges did not coerce a verdict (*see People v Campos*, 239 AD2d 185 [1997], *lv denied* 90 NY2d 902 [1997]; *People v Bonilla*, 225 AD2d 330 [1996], *lv denied* 88 NY2d 933 [1996]). The court also properly exercised its discretion by not asking the jury about the likelihood of a verdict or conducting a separate colloquy with a possible holdout juror. Defendant's challenges to the content of the court's *Allen* charges and related comments to the jury are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The court also properly exercised its discretion when it declined to conduct an inquiry of the jurors to ascertain if they had read media accounts of the trial. The court was appropriately concerned that doing so might draw the jury's attention to the existence of particular reports and thereby create prejudice where none might already exist (*see People v Shulman*, 6 NY3d 1, 32 [2005], *cert denied* 547 US 1043 [2006]). While the record indicates that a juror was aware that there had been a media report relating to the trial, there was no indication that any juror had violated the court's instructions to

avoid reading or listening to such reports (*see People v Erving,* 55 AD3d 419 [2008], *lv denied* 11 NY3d 897 [2008]).

We find the sentence excessive to the extent indicated. Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ.