# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**225**
**KA 14-00033**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALEXANDER VANVLEET, DEFENDANT-APPELLANT.

---

STEVEN J. GETMAN, OVID, FOR DEFENDANT-APPELLANT.

ALEXANDER VANVLEET, DEFENDANT-APPELLANT PRO SE.

BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.

---

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered July 1, 2013.  The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a plea of guilty of criminal mischief in the second degree (Penal Law § 145.10).  Contrary to defendant's contention in his main and pro se supplemental briefs, County Court did not err in failing, sua sponte, to inquire at sentencing whether defendant wished to withdraw his plea based upon the failure of the People to provide certain discovery and a response to a demand for a bill of particulars.  To the extent that defendant's contention may be construed as a challenge to the voluntariness of his plea, he failed to preserve that contention for our review because he did not move to withdraw his plea or vacate the judgment of conviction (*see People v Laney*, 117 AD3d 1481, 1482).  In any event, his contention lacks merit in that respect because " 'nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea' " (*id.*). Defendant's valid waiver of the right to appeal encompasses his contentions in his pro se supplemental brief that he was denied due process of law based upon the failure of the People to comply with his discovery demand and demand for a bill of particulars (*see People v Oliveri*, 49 AD3d 1208, 1209); that the arrest warrant was invalid (*see People v Garland*, 69 AD3d 1122, 1123, *lv denied* 14 NY3d 887); and that he was denied the right to counsel following his arrest (*see generally People v Wilkins*, 1 AD3d 962, 963, *lv denied* 1 NY3d 603).  Defendant's remaining contentions in his pro se supplemental brief that he was not given notice of the grand jury proceeding and that the grand jury proceeding was untimely were forfeited by his guilty plea (*see People*

*v Hansen*, 95 NY2d 227, 230-231; *see generally People v Watkins*, 77 AD3d 1403, 1404, *lv denied* 15 NY3d 956).

Entered:  March 20, 2015                                    Frances E. Cafarell
                                                                          Clerk of the Court