# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**200**
**KA 14-01665**
PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

WILLIE R. SCOTT, JR., DEFENDANT-APPELLANT.

---

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.

WILLIE R. SCOTT, JR., DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered November 4, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). Although defendant waived his right to appeal, County Court permitted defendant to reserve the right to challenge on appeal the court's disqualification of defense counsel and, thus, we conclude that the waiver of the right to appeal does not encompass that challenge (*see generally People v Sudlik*, 129 AD3d 1548, 1549). We nevertheless reject the contention of defendant in his main and pro se supplemental briefs that the court abused its discretion in granting the People's motion to disqualify defense counsel based on his prior representation of the victim's mother, a potential prosecution witness (*see People v Watson*, ___ NY3d ___, ___ [Feb. 11, 2016]; *People v Carncross*, 14 NY3d 319, 326-330). Finally, we conclude that defendant's waiver of the right to appeal encompasses his contention in his pro se supplemental brief that he was denied due process of law based on the People's alleged discovery violation (*see People v Vanvleet*, 126 AD3d 1359, 1360, *lv denied* 26 NY3d 1012).

Entered:  March 18, 2016                          Frances E. Cafarell
                                                 Clerk of the Court