■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MESSIAH D. BOOKER, Appellant. [46 NYS3d 911]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered January 9, 2015, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court should have permitted him to withdraw his plea of guilty or, in the alternative, granted him an adjournment, based on an alleged issue regarding the amount of credit he was to receive for time served in connection with the negotiated sentence, is without merit (*see People v Sampson*, 30 AD3d 623 [2006]). Chambers, J.P., Hall, Miller and Connolly, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAD BRIGGS, Appellant. [46 NYS3d 902]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered July 31, 2014, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

This appeal arises from an incident during which the defendant used a knife to attack the complainant. The defendant eventually pleaded guilty to attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). On appeal, he contends that the indictment was jurisdictionally defective under CPL 200.50 (7) (b), because it failed to specify the weapon he used. By pleading guilty, the defendant forfeited any claim he may have had under CPL 200.50 (7) (a) as to the sufficiency of the factual allegations of the indictment (*see People v Iannone*, 45 NY2d 589, 599 [1978]; *People v Gibson*, 117 AD3d 1317, 1317-1318 [2014]; *People v Perez*, 93 AD3d 1032, 1034-1035 [2012]). In any event, the defendant's contention is without merit because CPL 200.50 (7) (b) applies only to counts alleging the commission of an "armed felony" (CPL 200.50 [7] [b]; *see* CPL 1.20 [41]; Penal Law § 10.00 [12]). The defendant was not charged with the commission of an "armed felony." Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.