People v Rosado-Thomas (2020 NY Slip Op 01738)





People v Rosado-thomas


2020 NY Slip Op 01738


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


46 KA 17-01359

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GERMAN ROSADO-THOMAS, ALSO KNOWN AS "MAN MAN", DEFENDANT-APPELLANT. 






KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered May 2, 2016. The judgment convicted defendant, upon a plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). We affirm. We note at the outset that defendant does not challenge the validity of his waiver of the right to appeal. Although defendant's challenge to the voluntariness of his guilty plea would survive even a valid waiver of the right to appeal, it is nevertheless unpreserved for appellate review and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see People v Arline, 169 AD3d 1371, 1372 [4th Dept 2019], lv denied 33 NY3d 974 [2019]). Defendant's challenge to the severity of his sentence is foreclosed by his unchallenged waiver of the right to appeal (see People v Putman, 163 AD3d 1461, 1461 [4th Dept 2018]). Finally, to the extent that defendant challenges the legality of his sentence, that contention is without merit (see
§ 70.02 [3] [a]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court