People v Seymore (2020 NY Slip Op 06924)





People v Seymore


2020 NY Slip Op 06924


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1083 KA 19-00343

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLIFTON SEYMORE, DEFENDANT-APPELLANT. 






KELIANN M. ARGY, ORCHARD PARK, FOR DEFENDANT-APPELLANT.


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered October 10, 2018. The judgment convicted defendant upon a plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law
§ 120.05 [7]), arising from an altercation defendant had with another inmate while confined in a correctional facility on a prior conviction. We note at the outset that defendant does not challenge the validity of his waiver of the right to appeal (see People v Rosado-Thomas, 181 AD3d 1166, 1166 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]). Defendant contends that his plea was not knowingly, intelligently, and voluntarily entered. Although that contention survives the unchallenged appeal waiver (see People v Thomas, 34 NY3d 545, 558 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Seaberg, 74 NY2d 1, 10 [1989]), defendant failed to preserve his contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Lopez, 71 NY2d 662, 665 [1988]), and we conclude that this case does not fall within the narrow exception to the preservation requirement (see id. at 666). In any event, the record demonstrates that defendant knowingly, voluntarily, and intelligently entered the guilty plea (see People v Seeber, 4 NY3d 780, 781-782 [2005]).
Defendant's challenge to the sufficiency of the factual allegations in the indictment does not survive the guilty plea or the appeal waiver (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v Oswold, 151 AD3d 1756, 1757 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]; People v Briggs, 147 AD3d 1077, 1077 [2d Dept 2017], lv denied 29 NY3d 1076 [2017]). Contrary to defendant's further assertion, the record establishes that defendant did not request a bill of particulars from the People pursuant to the requirements of CPL 200.95. Even assuming, arguendo, that such a request was made, any contention by defendant that he was denied due process of law by the People's failure to comply with a demand for a bill of particulars would be precluded by the appeal waiver (see People v Vanvleet, 126 AD3d 1359, 1360 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]).
Defendant's contention that County Court erred in denying his request for substitution of his first attorney during a proceeding prior to the plea is "encompassed by the plea and the waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea" (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]; see People v Wellington, 169 AD3d 1440, 1441 [4th Dept 2019], lv denied 33 NY3d 982 [2019]). As previously stated, however, defendant's challenge to the voluntariness of the plea is not preserved for our review (see People v Rolfe, 83 AD3d 1219, 1220 [3d Dept 2011], lv denied 17 NY3d 809 [2011]). In any event, to the extent that defendant's contention implicates the voluntariness of the plea, it is without merit inasmuch as the record establishes that defendant was, in fact, represented by a second attorney by the time of the plea proceeding, during which defendant expressed no concerns with the second attorney and instead confirmed that he was [*2]satisfied with that attorney's advice and representation (see People v Lewicki, 118 AD3d 1328, 1328-1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]).
Defendant contends that he was denied effective assistance of counsel, which rendered his plea involuntary, based on the first attorney's alleged failures to request a bill of particulars, investigate witnesses, demand other items of discovery, and sufficiently communicate with him. Defendant's contention survives his guilty plea and appeal waiver "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]; see People v Miller, 161 AD3d 1579, 1580 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]). To the extent that defendant's contention is reviewable on direct appeal, we conclude that it lacks merit inasmuch as he "received an advantageous plea, and 'nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016], quoting People v Ford, 86 NY2d 397, 404 [1995]). Defendant's contention that the first attorney was ineffective based on his failure to request a bill of particulars is without merit (see People v Granger, 96 AD3d 1669, 1670 [4th Dept 2012], lv denied 19 NY3d 1102 [2012]; People v Moyer, 75 AD3d 1004, 1007 [3d Dept 2010]; People v Neal, 56 AD3d 1211, 1211 [4th Dept 2008], lv denied 12 NY3d 761 [2009]). Defendant's contention otherwise " 'involves matters outside the record on appeal and, thus, it must be raised by way of a motion pursuant to CPL article 440' " (People v Spencer, 170 AD3d 1614, 1615 [4th Dept 2019]; see People v Goodwin, 159 AD3d 1433, 1435 [4th Dept 2018]; People v Resto, 147 AD3d 1331, 1334-1335 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]).
Defendant also contends that his third attorney, who appeared at sentencing on defendant's behalf after defendant waived his appearance, was ineffective because he had no knowledge of the case. We reject that contention. The record establishes that, although the third attorney had only recently taken over the case, he "was sufficiently familiar with the case and defendant's background to provide meaningful representation at sentencing" and appropriately advocated for defendant at sentencing (People v Saladeen, 12 AD3d 1179, 1180 [4th Dept 2004], lv denied 4 NY3d 767 [2005]). We conclude that, "given the nature of defendant's criminal record and the criminal conduct herein, . . . no [further] statement made by [the third attorney] at sentencing 'would have had an impact on the sentence imposed' " (id.).
Defendant's challenge to the severity of his sentence "is foreclosed by his unchallenged waiver of the right to appeal" (Rosado-Thomas, 181 AD3d at 1167; see People v Putman, 163 AD3d 1461, 1461 [4th Dept 2018]). Finally, we note that the plea proceeding and the sentence reflect defendant's status as a second violent felony offender (Penal Law § 70.04 [1] [a], [b]), and the record thus confirms that the court merely misstated at sentencing that defendant was a second felony offender rather than a second violent felony offender (see People v Camp, 134 AD3d 1470, 1471 [4th Dept 2015], lv denied 27 NY3d 1066 [2016]; People v Feliciano, 108 AD3d 880, 881 n 1 [3d Dept 2013], lv denied 22 NY3d 1040 [2013]). Inasmuch as the certificate of conviction and uniform sentence and commitment form incorrectly reflect that defendant was sentenced as a second felony offender, they must be amended to reflect that he was sentenced as a second violent felony offender (see People v Mobayed, 158 AD3d 1221, 1223 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; People v Carducci, 143 AD3d 1260, 1263 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court