People v Allen (2022 NY Slip Op 01646)





People v Allen


2022 NY Slip Op 01646


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, AND NEMOYER, JJ.


133 KA 17-01697

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
REMY D. ALLEN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered August 14, 2017. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant does not raise any challenge to the validity of his waiver of the right to appeal (see People v Seymore, 188 AD3d 1767, 1768 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; People v Rosado-Thomas, 181 AD3d 1166, 1166 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]). Thus, defendant's challenge to the severity of the postrelease supervision component of his agreed-upon sentence "is foreclosed by his unchallenged waiver of the right to appeal" (Rosado-Thomas, 181 AD3d at 1167; see Seymore, 188 AD3d at 1770).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court