People v Halsey (2023 NY Slip Op 06652)

People v Halsey

2023 NY Slip Op 06652

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

928 KA 22-01559

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CASEY J. HALSEY, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
CASEY J. HALSEY, DEFENDANT-APPELLANT PRO SE.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered July 20, 2022. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law
§ 120.05 [3]). We affirm.
Contrary to defendant's contention in his main and pro se supplemental briefs, County Court did not abuse its discretion in denying his motion to withdraw his plea of guilty inasmuch as there is no "evidence of innocence, fraud, or mistake in inducing the plea" (People v Fox, 204 AD3d 1452, 1453 [4th Dept 2022], lv denied 39 NY3d 940 [2022] [internal quotation marks omitted]; see generally CPL 220.60 [3]; People v Fisher, 28 NY3d 717, 721 [2017]).
Specifically, we reject defendant's contention that he was fraudulently induced to plead guilty based upon a prior plea offer. Although the People initially offered a plea to assault in the second degree with "the minimum sentence authorized by law," that offer was conditioned upon defendant pleading as a second felony offender. At a later appearance, a new plea offer was made that was not conditioned upon defendant pleading guilty as a second felony offender and, at that appearance, the court unequivocally explained to defendant that the determinate sentence of imprisonment would be the same, i.e., three years, regardless of whether he was adjudicated a second felony offender after a second felony offender hearing.
We also reject defendant's contention in his main and pro se supplemental briefs that the court erred in denying his motion to withdraw his guilty plea because the plea colloquy negated an element of the offense or should have prompted the court to inquire further as to a claim of self defense (see generally People v Lopez, 71 NY2d 662, 666 [1988]). At no point during his plea colloquy did defendant negate an element of the offense or assert that he acted in self defense. Instead, defendant "knowingly and voluntarily admitted the factual allegations of the crime[ ] and made no protest of innocence" during the plea colloquy (People v Haffiz, 19 NY3d 883, 884-885 [2012]). Additionally, the evidence proffered by defendant on his motion, including two pages of the complainant's medical records, did not establish that defendant's admission to causing physical injury was factually incorrect (see generally People v Greer, 189 AD3d 2142, 2143 [4th Dept 2020], lv denied 37 NY3d 956 [2021]).
Defendant's remaining grounds for contending that the court erred in denying his motion [*2]to withdraw his plea in his main and pro se supplemental briefs are unpreserved for our review (see generally People v Peque, 22 NY3d 168, 182 [2013], cert denied 574 US 840 [2014]).
Finally, defendant's challenge in his main and pro se supplemental briefs to the severity of his sentence is "foreclosed by his unchallenged waiver of the right to appeal" (People v Allen, 203 AD3d 1574, 1574 [4th Dept 2022], lv denied 38 NY3d 1031 [2022]; see People v Rosado-Thomas, 181 AD3d 1166, 1167 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court