People v Hamlett (2025 NY Slip Op 00727)

People v Hamlett

2025 NY Slip Op 00727

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Ind No. 2502/06 Appeal No. 3559 Case No. 2009-1686 

[*1]The People of the State of New York, Respondent,
v
John Hamlett, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered November 19, 2008, convicting defendant, after a jury trial, of two counts of criminal sexual act in the first degree, two counts of robbery in the first degree, three counts of burglary in the first degree, two counts of sexual abuse in the first degree, burglary in the second degree, robbery in the second degree, and criminal impersonation in the first degree, and sentencing him, as a second violent felony offender, to an aggregate prison term of 154 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing defendant's sentence to an aggregate term of 51 1/3 years, and otherwise affirmed.
Defendant validly waived his right to counsel (see generally People v Blue, __ NY3d __, 2024 NY Slip Op 05175, *1-2 [2024]). Defendant had significant experience with the criminal justice system, had represented himself twice before, and the court warned him of the risks of self-representation. Although the court did not include as part of the colloquy any questions about defendant's age, education, and occupation, it is clear from other parts of the record that it was aware of defendant's age and that he was an experienced criminal litigant, and it explicitly found that he was capable of representing himself based on its observation of his conduct at trial and at prior appearances (and two other courts had previously reached the same conclusion) (see generally Blue, 2024 NY Slip Op 05175, *2). Defendant cites no authority in support of his argument that the court was required to consider his health issues in assessing his capacity to represent himself, nor is there any indication that such health issues (to the extent they were genuine), would have hindered him in any way. The fact that the court did not discuss defendant's potential sentencing range as part of the colloquy is also not dispositive, as defendant was aware that he faced a substantial amount of prison time and "could spend the rest of [his] natural life in prison" (see Blue, 2024 NY Slip Op 05175, *2-3).
The trial court providently exercised its discretion in declining to question jurors about their exposure to two inflammatory news articles published during trial (see generally People v Shulman, 6 NY3d 1, 29-32 [2005], cert denied 547 US 1043 [2006]; People v Williams, 78 AD3d 160, 167 [1st Dept 2010], lv denied 16 NY3d 838 [2011]). The court repeatedly instructed jurors not to read any press coverage of the case and to base their decision only on the evidence at trial; there is no indication that any jurors disregarded these instructions; and asking jurors about whether they read specific articles would likely focus the jurors' attention on them and create unnecessary speculation (see Shulman, 6 NY3d at 29-32; Williams, 78 AD3d at 167-169; People v Erving, 55 AD3d 419, 419 [1st Dept 2008], lv denied 11 NY3d 897 [2008]; see also generally People v Davis, 58 NY2d 1102, 1104[*2][1983]).
The trial court providently exercised its discretion in denying defendant's request to recall one of the complainants to ask about her prior statement that she "really didnt [sic] get a good look at the subject" or to call a third-party witness to testify about same. While this statement would have been an appropriate subject of cross-examination, defendant did not raise it until after the complainant had already finished testifying and been dismissed, defendant's counsel had ample opportunity to cross-examine the complainant — including about her ability to see the perpetrator, and it was clear from the complainant's testimony that she had an obstructed view of defendant for most of the time they were together and that she relied on his voice as well as his appearance in identifying him at the lineup (see People v Smith, 231 AD3d 680, 682 [1st Dept 2024]; People v Fennell, 167 AD3d 462, 463 [1st Dept 2018], lv denied 32 NY3d 1204 [2019]; People v Crawford, 39 AD3d 426, 427 [1st Dept 2007], lv denied 9 NY3d 864 [2007]). One of the third-party witnesses to the statement had also already testified and been dismissed by the time this issue was raised, and testimony from any of the third-party witnesses about the prior statement would have been hearsay. Any error was at any rate harmless in view of the overwhelming evidence of defendant's guilt.
The trial court providently exercised its discretion in denying defendant's request to cross-examine one of the complainants about her diagnosis of bipolar disorder. There is no indication that having bipolar disorder or taking the specified medications therefor could or did have any impact on the complainant's perception. In fact, the medical evidence in the record indicated otherwise and defense counsel was unable to locate a medical professional who would support such a proposition (see People v Tirado, 109 AD3d 688, 689 [4th Dept 2013], lv denied 22 NY3d 959 [2013], cert denied 574 US 877 [2014]). Defendant at any rate had ample opportunity to cross-examine the complainant — including about medications she was taking — and her diagnosis and medications were in the record. Any error was at any rate harmless in view of the overwhelming evidence of defendant's guilt.
We find defendant's sentence to be unduly harsh or severe and reduce it, as a matter of discretion in the interest of justice (see People v Brisman, __ NY3d __, 2025 NY Slip Op 00123 [2025]), in the following manner: all the sentences for the crimes of April 16, 2006 shall run concurrently with each other for an aggregate term of 25 years; all the sentences for the crimes of May 3, 2006 shall run concurrently with each other, except for the sentence of 1 1/3 to 4 years for criminal impersonation in the first degree, which shall run consecutively to the other sentences imposed for that date, for an aggregate term of 26 1/3 years; the aggregate sentences for the April 16, 2006 crimes shall run consecutively with the aggregate sentences [*3]for May 3, 2006, for an aggregate maximum term of 51 1/3 years (see Penal Law § 70.30 [1] [d]). The 15-year sentence imposed for the April 29, 2006 burglary in the second degree conviction shall run concurrently with all the other sentences.
To the extent defendant relies on the disparity between the sentence and a plea bargain offered near the beginning of the trial, this argument is unpreserved and is at any rate unavailing (see People v Martinez, 26 NY3d 196, 200 [2015]; People v Hurley, 75 NY2d 887, 888 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025