People v Bowser (2025 NY Slip Op 01750)

People v Bowser

2025 NY Slip Op 01750

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

238 KA 21-00920

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TRE'SIONE R. BOWSER, DEFENDANT-APPELLANT. 

KATHLEEN KUGLER, CONFLICT DEFENDER, LOCKPORT (JESSICA J. BURGASSER OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered April 7, 2021. The judgment convicted defendant upon a plea of guilty of assault in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of assault in the second degree (Penal Law § 120.05 [2]). We affirm. Defendant's challenge to the legal sufficiency of the evidence before the grand jury and his contention that evidence before the grand jury was admitted without an adequate foundation do not survive his guilty plea (see People v Hansen, 95 NY2d 227, 231-232 [2000]; People v Scarbrough, 162 AD3d 1575, 1575 [4th Dept 2018]). Furthermore, we conclude that "[b]y pleading guilty, defendant [also] forfeited review of his contention that the integrity of the grand jury proceedings was impaired . . . by the prosecutor's failure to give a circumstantial evidence charge" (People v Wilkins, 1 AD3d 962, 963 [4th Dept 2003], lv denied 1 NY3d 603 [2004]; see People v Wheeler, 216 AD3d 1314, 1315-1316 [3d Dept 2023], lv denied 40 NY3d 1082 [2023]; People v Ivey [appeal No. 2], 229 AD2d 1020, 1021 [4th Dept 1996], lv denied 89 NY2d 865 [1996]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court