People v Vanskiver (2026 NY Slip Op 01631)

People v Vanskiver

2026 NY Slip Op 01631

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

18 KA 25-00219

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vSTEVEN R. VANSKIVER, DEFENDANT-APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR DEFENDANT-APPELLANT.
ASHLEY J. WILLIAMS, DISTRICT ATTORNEY, GENESEO, FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Jennifer M. Noto, J.), rendered January 23, 2025. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). We affirm. Because defendant does not raise any challenge to the validity of his waiver of the right to appeal (see People v Seymore, 188 AD3d 1767, 1768 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; People v Rosado-Thomas, 181 AD3d 1166, 1166 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]), his challenge to the severity of his sentence "is foreclosed by his unchallenged waiver of the right to appeal" (Rosado-Thomas, 181 AD3d at 1167; see People v Halsey, 222 AD3d 1409, 1411 [4th Dept 2023], lv denied 41 NY3d 943 [2024]; People v Putman, 163 AD3d 1461, 1461 [4th Dept 2018]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court